Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 2060 | **DATE** | 5/2/2001 |
| **CASE TITLE** | EEOC vs. UNITED BLOOD SERVICES | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing is set for June 14, 2001 at 9:30 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion to strike [63-1] and Plaintiff's motion for partial summary judgment are denied.

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | MAY 0 3 2001 date docketed |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | docketing deputy initials |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | MAY 0 3 2001 date mailed notice |
| LG | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 65

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff | )<br>) No. 99 C 2060 |
| v. | )<br>) |
| UNITED BLOOD SERVICES, BLOOD SYSTEMS, INC., and LIFESOURCE BLOOD SERVICES, | ) Judge John W. Darrah<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER  MAY 0 3 2001

Plaintiff, the Equal Employment Opportunity Commission (EEOC), commenced an action against defendants, United Blood Services, Blood Systems, Inc. (collectively Blood Systems) and LifeSource Blood Services for alleged violations of the American with Disabilities Act of 1990 (ADA), 42 U.S.C. § 1201 et seq. Before this Court is plaintiff's Motion for Partial Summary Judgment.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000) (*Miller*). However, the nonmovant must still come forward with evidence establishing the elements of its claim on which it bears the burden of proof at trial. As such, it must establish specific facts that show there is a genuine issue for trial. *Miller*, 203 F.3d at 1003.

Blood Systems, Inc. is a non-profit Arizona corporation that operates blood centers in 14 states. United Blood Services is a division of Blood Systems, Inc. In 1998, United Blood Services' assets were sold to LifeSource. (Plaint.'s 56.1(a)(3) Statement ¶ 2). From at least January 1991 to December 1996, Blood Systems' leave of absence policy permitted leaves of absence for medical reasons up to 120 days. (Id., at ¶ 6).

In December 1996, Blood Systems' leave of absence policy was changed to permit leaves of absence for medical reasons up to 90 days. (Plaint.'s 56.1(a)(3) Statement ¶ 9). Pursuant to the leave of absence policy, an employee was terminated if he or she did not return from a leave of absence or present convincing reasons for not returning as arranged with the company within the prescribed period of time, regardless of the reason for the leave or the reason for the failure to return. (Id., at ¶ 10, Leave Policy; Reese Affidavit # 1). In May 1999, Blood Systems changed their implementation of the leave of absence policy so that an employee on a leave of absence for what may be a disability under the ADA is no longer automatically discharged if unable to work at the end of a 90-day leave of absence. Blood Systems' written leave of absence policy has not been amended to reflect this change. (Plaint.'s 56.1(a)(3) Statement ¶ 14).

Plaintiff has moved to strike the second affidavit of Larry R. Reese (Reese) and several paragraphs of defendant's statement of material facts. The Court did not rely on materials contained in Reese's second affidavit; therefore, plaintiff's motion to strike the affidavit is denied as moot. Furthermore, the Court only relied on paragraphs 5-7 of defendant's statement of material facts. Defendant properly cited to its answers and opposition to interrogatories in support of these paragraphs, and the citation supported the facts contained in the paragraphs. *See* Fed. R. Civ. P. 56(c) (judgment is rendered based on the pleadings, depositions, and answers to interrogatories).

Plaintiff's motion to strike these paragraphs is denied. The remaining paragraphs of defendant's statement of material facts were not relied upon by the Court. Accordingly, the remainder of plaintiff's Motion to Strike is denied as moot.

Plaintiff seeks summary judgment on the issue of whether Blood Systems' leave of absence policy violates the ADA. Plaintiff has identified 23 employees who were allegedly terminated pursuant to the leave of absence policy and for whom plaintiff seeks relief. Plaintiff is not seeking summary judgment as to whether any of the 23 individuals are entitled to relief. Instead, plaintiff seeks a finding by this Court that defendants' leave of absence policy violates the ADA as a matter of law because the policy prohibits reasonable accommodation. Plaintiff alleges the policy does not provide for reasonable accommodations because the policy prohibits individual consideration whether additional leave can be provided as a reasonable accommodation to an employee. In other words, plaintiff seeks a finding of liability in a pattern-or-practice suit.

The plaintiff in a pattern-or-practice action has the initial burden of demonstrating that unlawful discrimination has been a regular procedure or policy followed by an employer. "At the initial, 'liability' stage of a pattern-or-practice suit, the Government is not required to offer evidence that each person for whom it will ultimately seek relief was a victim of the employer's discriminatory policy. Its burden is to establish a *prima facie* case that such a policy existed." *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 360 (1977).

The ADA prohibits employment discrimination "against a qualified individual with a disability because of the disability of such individual." 42. U.S.C. § 12112(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ... unless such [employer] can demonstrate that

3

the accommodation would impose an undue hardship on the operation of the business." 42 U.S.C. § 12112(b)(5)(A). Accordingly, imposition of an undue hardship on the operation of the business is a defense to a claim of discrimination based on the employer's failure to make reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A).

An undue hardship is "an action requiring significant difficulty or expense." 42 U.S.C. § 12111(10)(A). The determination of whether an accommodation would cause an employer undue hardship is made by considering several statutory and regulatory factors. These factors include the nature and net cost of the accommodation; the overall financial resources of the facility or facilities, including the number of persons employed at such facility and the effect on expense and resources; the overall financial resources of the covered entity, the overall size of the business of the covered entity with respect to the number of its employees, and the number, type and location of its facilities; the type of operation or operations; and the impact of the accommodation upon the operation of the facility, including the impact on the ability of other employees to perform their duties and the impact on the facilities' ability to conduct business. 29 C.F.R. § 1630.2; 42 U.S.C. § 12111(1)(B). The employer has the burden of presenting evidence that demonstrates that the accommodation will, in fact, cause it undue hardship. 29 D.F.R. § 1630.15(d).

In the instant case, the Court need not address if defendants' policy created a pattern or practice of discrimination if it finds that material questions of fact exist as to the defendants' defense of undue hardship.

Defendants allege that as a nonprofit corporation that provides blood products that are "life or death critical," job attendance is an essential job function, and allowing employees greater than 90 days of leave would cause an undue hardship. It avers that, in a number of communities, it is the

sole provider of blood products; and, even with full staffing, it encounters difficulty obtaining sufficient blood donations to meet the community needs. In addition, because of the nature of their business and the applicable federal and state regulations, defendants spend considerable resources and time to educate and train employees, limiting defendants' ability to rely on temporary employees when an employee is absent. Furthermore, because of cost constraints facing most healthcare providers, defendants are unable to employ extra staff to fill-in when employees take an extended leave of absence.

Based on these averments, a reasonable trier of fact could find that accommodating individuals with additional leave time would cause an undue hardship on defendant's business. Accordingly, plaintiff's Motion for Partial Summary Judgment is denied.

For the reasons stated above, plaintiff's Motion to Strike and plaintiff's Motion for Partial Summary Judgment are denied.

Dated: May 2, 2001

JOHN W. DARRAH
United States District Judge